**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2011

No. 10-30644
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MONIQUE ROBERTS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CR-368-3

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following jury trial, Monique Roberts was convicted of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856. The district court sentenced Roberts at the bottom of the advisory guidelines range to 57 months in prison, with credit for time served, and three years of supervised release.

Roberts argues that the district court's factual finding that she participated in the underlying drug offense was clearly erroneous and thus the district court procedurally erred by not applying a four-level reduction pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to U.S.S.G. § 2D1.8(a)(2). She asserts that the district court gave too much weight to testimony that she knew of the drug transactions at her home and was present for some transactions but failed to give equal weight to testimony that she never participated in any drug deals and to the lack of testimony that she had any proprietary interest in the drugs or their proceeds.

We review the district court's interpretation or application of the Sentencing Guidelines de novo and review its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

Although the four-level reduction is applicable "[i]f the defendant had no participation in the underlying controlled substance offense other than allowing use of the premises," § 2D1.8(a)(2), the application note explains that the reduction is not applicable if the defendant "otherwise assisted in the commission of the underlying controlled substance offense," § 2D1.8, comment. (n.1). Based on the trial testimony and the facts recited in the presentence report that Roberts helped count large quantities of drug money and that a significant amount of cash was stored in purses in the trailer, the district court's finding that Roberts participated in the underlying drug offense is plausible in light of the record and is not clearly erroneous. Because the record showed that Roberts did more than merely allow her residence to be used as a drug house, the district court did not clearly err in denying a reduction under § 2D1.8(a)(2). The judgment of the district court is AFFIRMED.

Appointed counsel's motion to withdraw based on her acceptance of employment with the District Attorney's Office is GRANTED. *See* FIFTH CIRCUIT PLAN UNDER THE CRIMINAL JUSTICE ACT FOR REPRESENTATION ON APPEAL, § 5(B); *see also* 18 U.S.C. § 3006A(c). IT IS FURTHER ORDERED that substitute counsel be appointed to represent Roberts in any further proceedings.